# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:23-cv-100-RJC

| | | |
|---|---|---|
| TRE M. PARKER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NC DEPARTMENT OF PUBLIC | ) | |
| SAFETY, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

## I.    BACKGROUND

The pro se incarcerated Plaintiff filed this action in the Eastern District of North Carolina pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] The matter was transferred to this Court on June 21, 2023. [Doc. 8]. The Complaint is now before the Court for initial review.

The Plaintiff names as Defendants in their individual and official capacities: the North Carolina Department of Public Safety, Division of Adult Corrections (NCDAC); and Marilyn Gamewell, a medical doctor at the Alexander CI. The Plaintiff asserts claims for violations of the Eighth and Fourteenth Amendments for "medical negligence and deliberate indifference causing further injury." [Doc. 1 at 4-5]. He states his claim as follows:

---

[1] The Plaintiff is presently incarcerated at the Marion Correctional Institution.

> I injured my back playing basketball. I found out in January 2020 that I had a slipped disc that was pinching a nerve. In April 2020 my surgery was approved by the U.R. Board. Medical doctor Gamewell delayed my surgery for 9 months up until January 11, 2021 when I had surgery causing me pain and suffering and further injury as I now have permanent nerve damage. Doctor Gamewell showed medical negligence and deliberate indifference to my medical needs.

[Id. at 6]. For injury, he alleges:

> I now have permanent nerve damage and is in constant pain everyday. I had to have surgery on my lower back. Doctor Gamewell prescribed me medication that did nothing for nerve pain and one of the medications is a mental health medication. And due to the permanent nerve damage I now walk with a slight limp, which was before the surgery. I had a slipped disc that was pinching a nerve for 20 months.

[Id.] (errors uncorrected). He seeks $200,000 in punitive damages. [Id.].

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

2

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

The Plaintiff names the NCDAC as a Defendant. However, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, NCDAC is not a "person" under § 1983. See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). Plaintiff's claims against NCDAC are, therefore, dismissed with prejudice.

The Plaintiff further purports to sue Defendant Gamewell, an employee of NCDAC, in her individual and official capacities. However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will, 491 U.S. at 71.  Because a state is not a "person" under § 1983 as discussed *supra*, state officials acting in their official capacities cannot be sued for damages thereunder.  Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).  Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, Plaintiff's claims for damages against Defendant Gamewell in her official capacity do not survive initial review and will be dismissed with prejudice.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment.

3

Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted).

To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

"Mere delay is … not enough" to support a deliberate indifference claim. Moskos v. Hardee, 24 F.4th 289, 298 (4th Cir. 2022). The objective prong requires a plaintiff to show that the alleged delay put the plaintiff at a "substantial risk" of "serious harm." Id. (quoting Moss v.

Harwood, 19 F.4th 614, 625 (4th Cir. 2021); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016)). And, under the subjective prong, a plaintiff can only prevail if a defendant "subjectively recognized a substantial risk of harm" and that her "actions were inappropriate in light of that risk." Anderson v. Kingsley, 877 F.3d 539, 545 (4th Cir. 2017)) (internal quotations omitted).

The Plaintiff's allegations are too vague and conclusory to state a plausible claim for deliberate indifference to a serious medical need. Accepting that the Plaintiff's back condition was a serious medical need, he has failed to plausibly allege that Defendant Gamewell was subjectively aware that delaying the surgery exposed the Plaintiff to a substantial risk of harm or that her actions were inappropriate in light of that risk. See generally Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted) (to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation). The Plaintiff's allegations of negligence are insufficient to state a § 1983 claim. See Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). Accordingly, the Plaintiff's claim of deliberate indifference to a serious medical need is dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and it is dismissed. The Plaintiff's claims against NCDAC and against Defendant Gamewell in her official capacity for damages are dismissed with prejudice, and the remaining claims are dismissed without prejudice.

5

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] fails initial review pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A.

2. The Plaintiff's claims against NCDAC and against Defendant Gamewell in her official capacity for damages are **DISMISSED WITH PREJUDICE**.

3. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

4. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

Signed: August 11, 2023

Robert J. Conrad, Jr.
United States District Judge

6